NIEMEYER, Circuit Judge,
concurring in part, dissenting in part, and concurring in the judgment:
The majority remands this case to the district court for two nonexclusive purposes: (1) to permit the district court to “consider the risk of harm posed by depriving [Putney] of a mattress [but not blankets and pillows] for four months,” and (2) “to grant [Putney] his request to pursue discovery.”
While those, purposes may become relevant—and I do not disagree with the majority’s discussion given in connection with them—they jump over two other essential determinations that the district court must make before reaching the subjects identified by the majority. First, the district court must, at the outset, address the defendants’ claim of qualified immunity, because such immunity is designed to protect the defendants from both discovery and trial. Second, the court must, in connection with the Eighth Amendment claim, deter-’ mine whether Putney was deprived of a basic human need, which is a condition precedent under the Eighth Amendment to conducting an inquiry into the risk of injury. I will address these two points, in reverse order, to provide the district court with further guidance when it reconsiders this case.
I
On his conditions-of-confinement claim under the Eighth Amendment, Putney contends that, in depriving him of a mattress (but not blankets and pillows) for a four-month period, prison officials knowingly failed to provide him with a basic human need, causing him harm in violation of the Eighth Amendment.
The Eighth Amendment provides, in relevant part, that “cruel and unusual punishments [shall not be] inflicted.” U.S. Const, amend. VIII. The Supreme Court has construed this clause to require prison officials to “provide humane conditions of confinement.” Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, “prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must ‘take reasonable measures to guarantee the safety of the inmates.’ ” Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). But the Court has noted that “the Constitution does not mandate comfortable prisons.” Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To succeed on an Eighth Amendment claim that a prisoner was not provided humane conditions of confinement, the prisoner must prove “(1) that the deprivation of [a] basic human need was objectively sufficiently serious, and (2) that subjectively the officials aet[ed] with a sufficiently culpable state of mind.” De’Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (alterations in original) (emphasis added) (internal quotations marks and emphasis omitted) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)); see also Farmer, 511 U.S. at 834, 114 S.Ct. 1970 (explaining that, to violate the Eighth Amendment, “a prison official’s act or omission must result in the denial of ‘the minimal civilized meas *642 ure of life’s necessities’ ” (quoting Rhodes, 452 U.S. at 347, 101 S.Ct. 2392)).
In this case, Putney has so far failed to explain how the denial of a mattress was anything more than a discomfort, and the Constitution, of course, does not afford him the right to a “comfortable” prison. Rhodes, 452 U.S. at 349, 101 S.Ct. 2392; see also Trammell v. Keane, 338 F.3d 155, 165 (2d Cir. 2003) (“We have no doubt that Trammell was made uncomfortable by the deprivation of his clothing, but there is simply no factual dispute regarding whether the temperature in his cell posed a threat to his ‘health or safety’ of the sort that would disallow summary judgment in defendants’ favor”). Indeed, when children or young adults participate in sleepovers or “crash” at each other’s apartments, sleeping on the floor and using only blankets and pillows, they do not deprive themselves of a basic human need. Neither do soldiers on a mission away from their barracks, nor hikers on the trail. In fact, people have slept without mattresses from time immemorial, and do so routinely even today, using only blankets and some form of headrest to serve as a pillow.
Understandably, Putney has not yet advanced any precedent to support his position that a mattress, on its own, qualifies as an indisputable life necessity, but this is a matter that must be explored by the district court on remand. Failing such support for his claim, Putney would fail, as a matter of law, to satisfy the objective prong of the test that governs such claims—the prong requiring that he show that-he suffered an extreme deprivation of a basic human need. See Strickler, 989 F.2d at 1379 (“Because we conclude that Strickler has not established the serious deprivation of a basic human need required to survive summary judgment on his claim of an Eighth Amendment violation, we need not consider whether Sheriff Waters acted with an intent sufficient to satisfy the Amendment’s state-of-mind requirement” (emphasis added)).
II
Even before addressing whether the first prong of an Eighth Amendment conditions-of-confinement claim has been satisfied, however, the district court will have to address the defendants’ claim of qualified immunity, the analysis for which includes whether Putney demonstrated a “clearly established” Eighth Amendment violation.
“The doctrine of qualified immunity protects government officials ‘from- liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.’ ” Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (emphasis added) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The doctrine thus involves two steps: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether that right was clearly established at the relevant time. See Plumhoff v. Rickard, — U.S. -, 134 S.Ct. 2012, 2020, 188 L.Ed.2d 1056 (2014). A district court has discretion as to which step to address first. Pearson, 555 U.S. at 236, 129 S.Ct. 808.
Qualified immunity is “an immunity from suit rather than a mere defense to liability,” and it is therefore “effectively lost if a case is erroneously permitted to go to trial.” Pearson, 555 U.S. at 231, 129 S.Ct. 808 (emphasis added) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Indeed, the “driving force” behind the doctrine is the “desire to ensure that ‘insubstantial claims against government officials [will] be resolved prior to discovery.’ ” Id. (alteration *643 in original) (emphasis added) (quoting Anderson v. Creighton, 483 U.S. 635, 640 n.2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The Supreme Court has accordingly “repeatedly ... stressed the importance of resolving immunity questions at the earliest possible stage in litigation.” Id. at 232, 129 S.Ct. 808 (quoting Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam)).
The majority recognizes that the district court did not originally address qualified immunity, and it properly indicates that it be addressed on remand. I only add that, to protect the defendants from both discovery and suit, it should be addressed at the outset as a gateway issue.
In addressing the immunity issue, the district court will have to determine whether Putney demonstrated that prison officials violated clearly established constitutional rights of which a reasonable official would have known. See Pearson, 555 U.S. at 231, 129 S.Ct. 808. And to determine whether a constitutional right was clearly established, he would have to show a violation of the right that is “particularized” to the circumstances of his case, such that a reasonable prison official “would understand that [confiscating Putney’s mattress] violate[d] that right.” Anderson, 483 U.S. at 640, 107 S.Ct. 3034. “[T]he unlawfulness must be apparent.” Id.
Of course, if the defendants are entitled to qualified immunity, it would not be necessary for the district court to reach the Eighth Amendment claim on the merits.